UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:    Jeremy Powell                : Case No.
          Beatrice Powell

                                       : Chapter 13

                                       : Judge

Debtor(s)

# CHAPTER 13 PLAN

NOTE: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "BR" shall refer to the Federal Rules of Bankruptcy Procedure. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

| ☐ Amended Plan | | |
|---|---|---|
| All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface. | | |
| ☒ Above Median Income<br>☐ Below Median Income | Insolvent unless otherwise marked below:<br><br>☐ Solvent Estate | Dividend to unsecured creditors:<br><br>___59.00___ % |
| Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:<br>☐ Debtor is not eligible for discharge under § 1328(f)<br>☐ Joint Debtor is not eligible for discharge under § 1328(f) | | |
| Debtor<br>(1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on ___November 15, 2016___<br>**OR**<br>(2) converted this case to a case under Chapter 13 on _____ ("Petition Date"). | | |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

## A. PAYMENTS

### A(1). Plan Payments.

The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ __959.00__ per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2). Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| Santander Consumer USA | 2010 Kia Sportage | $250.00 |

### A(3). Administrative Expenses, Attorney Fees, and § 1326 (b) Priority Payments.

Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under LBR 2016-1(b)(2)(B) is $ __2,625.00__ .

Debtor's attorney received $ __1,000.00__ prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ __400.00__ to Debtor's attorney until the balance of $ __1,625.00__ is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

B.     CLASS 1—CLAIMS SECURED BY REAL PROPERTY

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

B(1).     **Mortgage Payments Outside the Plan.**

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

B(2).     **Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

    (a)     Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

    (b)     Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court

    (c)     Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.

    (d)     File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
|  |  |  |

Page 3 of 11

B(3).    **Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
|  |  |

B(4).    **Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B(5). Real Property to be Surrendered.**

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
|  |  |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**C. CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1). Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of     6.50    %.

**C(2). To Be Paid in Full (i.e., § 506 Does Not Apply).**

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**C(3). Claims to Which § 506 Applies.**

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| Santander Consumer USA | 2010 Kia Sportage | September 2010 | $5,275.00 | 6.50% | $250.00 |

**C(4). Personal Property to be Surrendered**

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

**C(5). Executory Contracts and Vehicle Leases.**

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b) Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**D.    CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

   **D(1).    Priority Claims.**

   Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

   **D(2).    Domestic Support Obligations.**

       (a)    Domestic support obligations (DSOs) are defined in § 101(14A). Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

       (b)    Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

E.  **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

   **E(1).   Payment of Class 4 Claims.**

   Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

   **NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

   **E(2).   Pre-Petition Arrearages on Real Estate Mortgage(s).**

   The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

   **E(3).   Arrearages on Assumed Leases and Executory Contracts.**

   The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F.  **CLASS 5—GENERAL UNSECURED CLAIMS**

   **F(1).   Unsecured Dividend.**

   After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

   Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

   **F(2).   Solvency.**

   If this is a solvent estate, all general unsecured claims shall be paid in full with interest at _____ %, unless otherwise provided.

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

## G.  MISCELLANEOUS PROVISIONS

### G(1). Co-Debtor Claims not Otherwise Provided for in the Plan.

(a)  The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
|  |  |  |

(b)  The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

### G(2). Sale of Property.

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

### G(3). Tax Returns.

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**G(4).   Vesting.**

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☐ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

**G(5).   Other Events.**

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

**G(6).   Insurance Information.**

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 2010 Kia Sportgage | Progressive | 902978715 | full | Progressive Insurance P.O. Box 31260 Tampa, FL 33631 |

**G(7).  Casualty Loss Insurance Proceeds (Substitution of Collateral).**

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle.  If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim.  Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

**G(8).  Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

**H.    SPECIAL PROVISIONS**

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| **Special Provisions:** |
|---|
| 1. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| **Case Attorney:** |
|---|
| /s/ David B. Schultz |

Dated:_____November 15, 2016_____

| **Debtor** | | **Joint Debtor** |
|---|---|---|
| /s/Jeremy Powell | | /s/ Beatrice Powell |

Dated:_____November 15, 2016_____      Dated:_____November 15, 2016_____